| | |
|---|---|
| RYAN FUND IX, LLC; and RYAN COMPANIES US, INC., Plaintiffs, vs. EQUITY GLOBAL MANAGEMENT, LLC, SOLVENZ, LLC; AND TETHYS PARTNERS, LLC, Defendants. | Case No. 0:14-cv-01166-PJS-JJG |

## EQUITY GLOBAL MANAGEMENT, LLC'S ANSWER AND CROSSCLAIMS

Equity Global Management, LLC ("EGM") hereby answers Plaintiffs' Complaint and sets forth its affirmative defenses as follows:

## GENERAL DENIAL

EMG denies each and every allegation contained in Plaintiffs' Complaint except as expressly admitted herein. EGM also states that it never had possession, custody, or control over Ryan's $175,000 deposit and that it did not make any money on the transaction at issue in this matter. Solvenz, LLC and/or Tethys Partners, LLC were the recipients of Ryan's $175,000 and were solely responsible for use of the deposit for legal fees and related costs, and the return of any unused portion of the deposit to Plaintiffs. Solvenz, LLC and Tethys Partners, LLC also had sole responsibility for the terms of any loans or definitive agreements offered to Plaintiffs. EGM denies it has any responsibility

for Plaintiffs' alleged loss and demands strict proof from Plaintiffs regarding all allegations against EGM.

## Nature of the Action

1. EGM denies the allegations in paragraph 1 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

2. EGM denies the allegations in paragraph 2 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

3. EGM denies the allegations in paragraph 3 of Plaintiffs' Complaint.

4. EGM denies the allegations in paragraph 4 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

## Jurisdiction and Venue

5. The allegations in paragraph 5 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, EGM admits that this court has subject matter jurisdiction over plaintiffs' claims.

6. The allegations in paragraph 6 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, EGM

admits that the court has personal jurisdiction over EGM, but denies the remaining allegations in paragraph 6 (a)-(g).

7. The allegations in paragraph 7 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, EGM denies the allegations in paragraph 7.

**Parties**

8. EGM admits the allegations in paragraph 8 of Plaintiffs' Complaint on information and belief.

9. EGM admits the allegations in paragraph 9 of Plaintiffs' Complaint on information and belief.

10. EGM admits the allegations in paragraph 10 of Plaintiffs' Complaint.

11. EGM admits the allegations in paragraph 11 of Plaintiffs' Complaint on information and belief.

12. EGM admits the allegations in paragraph 12 of Plaintiffs' Complaint on information and belief.

**The Subject Property**

13. EGM admits the allegations in paragraph 13 of Plaintiffs' Complaint on information and belief.

14.	EGM admits the allegations in paragraph 14 of Plaintiffs' Complaint on information and belief.

## Defendants' Solicitation of Ryan

15.	EGM admits the allegations in paragraph 15 of Plaintiffs' Complaint.

16.	EGM denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17.	EGM denies for lack of information the allegations in paragraph 17 of Plaintiffs' Complaint.

## The Letter of Intent

18.	EGM admits the allegations in paragraph 18 of Plaintiffs' Complaint.

19.	In response to paragraph 19 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself.  Answering further, EGM denies the allegations in paragraph 19 to the extent they seek to impose any liability on EGM.

20.	In response to paragraph 20 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself.  Answering further, EGM states that the LOI set forth "proposed terms."  EGM denies the remaining allegations in paragraph 20 to the extent they seek to impose any liability on EGM.

21. In response to paragraph 21 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM denies the allegations in paragraph 21 to the extent they seek to impose any liability on EGM.

22. In response to paragraph 22 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM denies the allegations in paragraph 22 to the extent they seek to impose any liability on EGM.

23. In response to paragraph 23 of Plaintiffs' Complaint, EGM states that the email speaks for itself. Answering further, EGM denies the allegations in paragraph 23 to the extent they seek to impose any liability on EGM.

24. In response to paragraph 24 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM denies the allegations in paragraph 24 to the extent they seek to impose any liability on EGM.

25. In response to paragraph 25 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM admits that the LOI required $175,000 to be wired to Solvenz. EGM denies the remaining allegations in paragraph 25 to the extent they seek to impose any liability on EGM.

26. In response to paragraph 26 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM denies the allegations in paragraph 26 to the extent they seek to impose any liability on EGM.

27. In response to paragraph 27 of Plaintiffs' Complaint, EGM states that the LOI speaks for itself. Answering further, EGM admits that Ryan's $175,000 was paid to the lender, not EGM. EGM denies the remaining allegations in paragraph 27 to the extent they seek to impose any liability on EGM.

28. In response to paragraph 28, EGM denies the allegations for lack of information. Answering further, EGM denies the allegations in paragraph 28 of Plaintiffs' Complaint to the extent they seek to impose any liability on EGM.

### The Comfort Letter

29. In response to paragraph 29 of Plaintiffs' Complaint, EGM states that the letter speaks for itself. Answering further, EGM denies the allegations in paragraph 29 to the extent they seek to impose any liability on EGM.

30. In response to paragraph 30 of Plaintiffs' Complaint, EGM states that the letter speaks for itself. Answering further, EGM denies the allegations in paragraph 30 to the extent they seek to impose any liability on EGM.

31. In response to paragraph 31 of Plaintiffs' Complaint, EGM states that the letter speaks for itself. Answering further, EGM denies the allegations in paragraph 31 to the extent they seek to impose any liability on EGM.

32. In response to paragraph 32 of Plaintiffs' Complaint, EGM states that the letter speaks for itself. Answering further, EGM denies the allegations in paragraph 32 to the extent they seek to impose any liability on EGM.

33. In response to paragraph 33, EGM denies the allegations for lack of information. Answering further, EGM denies the allegations in paragraph 33 of Plaintiffs' Complaint to the extent they seek to impose any liability on EGM.

## Ryan's Termination of Negotiations

34. In response to paragraph 34, EGM denies the allegations for lack of information. Answering further, EGM denies the allegations in paragraph 34 of Plaintiffs' Complaint to the extent they seek to impose any liability on EGM.

35. In response to paragraph 35 of Plaintiffs' Complaint, EGM denies the allegations for lack of information. Answering further, EGM denies the allegations in paragraph 35 of Plaintiffs' Complaint to the extent they seek to impose any liability on EGM.

36. EGM denies the allegations in paragraph 36 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

37. EGM denies the allegations in paragraph 37 of Plaintiffs' Complaint.

38. In response to paragraph 38, EGM denies the allegations in the first sentence for lack of information. Answering further, EGM states that the Letter of Intent and Plaintiffs' written notice speak for themselves; and that EGM denies the allegations in paragraph 38 of Plaintiffs' Complaint to the extent they equate EGM's actions to those of Solvenz and/or Tethys, and to the extent they seek to impose any liability on EGM.

39. In response to the allegations in paragraph 39 of Plaintiffs' Complaint, EGM admits that it did not object to Ryan's termination and that it did not object to Solvenz or Tethys returning the $175,000 deposit to Ryan. Answering further, EGM denies the allegations in paragraph 39 to the extent they seek to impose any liability on EGM.

### Defendant's [Alleged] Bait-and-Switch

40. In response to paragraph 40 of Plaintiffs' Complaint, EGM states that the letter speaks for itself. Answering further, EGM admits that it has denied responsibility for returning the $175,000—EGM has never had possession, custody, or control of Ryan's money. EGM also admits that it has asked Solvenz to return all or part of Ryan's deposit. EGM denies the remaining allegations in paragraph 40 to the extent they seek to impose any liability on EGM.

41. In response to paragraph 41 of Plaintiffs' Complaint, EGM states that the allegations are directed at Solvenz and Tethys, and not EGM, so no response is required

from EGM. To the extent a response is required, EGM denies the allegations in paragraph 41 to the extent they seek to impose any liability on EGM.

42. EGM denies the allegations in paragraph 42 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

43. In response to paragraph 43 of Plaintiffs' Complaint, EGM admits that it has never provided an accounting to Ryan for the deposited funds, but denies that it ever had the funds or that it has any duty or obligation to account for the funds.

## Count One

### (Fraud and Misrepresentation)

44. In response to paragraph 44 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 43.

45. EGM denies the allegations in paragraph 45 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

46. EGM denies the allegations in paragraph 46 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

47. EGM denies the allegations in paragraph 47 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

48. EGM denies the allegations in paragraph 48 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

49. EGM denies the allegations in paragraph 49 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

50. EGM denies the allegations in paragraph 50 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

51. EGM denies the allegations in paragraph 51 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

52. EGM denies the allegations in paragraph 52 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

53. EGM denies the allegations in paragraph 53 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

## Count Two

### (Conversion)

54. In response to paragraph 54 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 53.

55. In response to paragraph 55 of Plaintiffs' Complaint, EGM admits that Ryan wired $175,000 to Solvenz, but EGM denies the remaining allegations in paragraph 55. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

56. EGM denies the allegations in paragraph 56 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

57. EGM denies the allegations in paragraph 57 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

58. EGM denies the allegations in paragraph 58 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

11

## Count Three

## (Unjust Enrichment)

59. In response to paragraph 59 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 58.

60. EGM denies the allegations in paragraph 60 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

61. EGM denies the allegations in paragraph 61 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

62. EGM denies the allegations in paragraph 62 of Plaintiffs' Complaint.

## Count Four

## (Declaratory and Supplemental Relief re Voiding of Contract for Failure of Condition)

63. In response to paragraph 63 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 62.

64. EGM denies the allegations in paragraph 64 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

65. EGM denies the allegations in paragraph 65 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

66. EGM denies the allegations in paragraph 66 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

## Count Five

### (Breach of Contract)

67. In response to paragraph 67 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 66.

68. EGM denies the allegations in paragraph 68 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

69. EGM denies the allegations in paragraph 69 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

## Count Six

### (Breach of Fiduciary Duty)

70. In response to paragraph 70 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 69.

71. EGM denies the allegations in paragraph 71 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

72. EGM denies the allegations in paragraph 72 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

73. EGM denies the allegations in paragraph 73 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

74. EGM denies the allegations in paragraph 74 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

### Count Seven

### (Equitable Accounting)

75. In response to paragraph 75 of Plaintiffs' Complaint, EGM restates its responses to paragraphs 1 through 74.

76. EGM denies the allegations in paragraph 76 of Plaintiffs' Complaint. EGM also expressly denies that its actions are connected to, or should be equated with, those of Solvenz and/or Tethys, and demands strict proof thereof from Plaintiffs.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, EGM alleges as follows:

1.  Plaintiffs have failed to state a claim against EGM upon which relief can be granted.

2.  Plaintiffs' purported claims are barred in whole or in part on the basis that it would be unjustly enriched if allowed to recover all or any part of the damages alleged in the Complaint.

3.  Plaintiffs' purported claims are barred by the doctrine of estoppel.

4.  Plaintiffs' purported claims are barred in whole or in part by its failure to mitigate any alleged damages.

5.  Plaintiffs' purported claims are barred by the doctrine of accord and satisfaction.

6.  Plaintiffs' purported claims are barred by the doctrines of ratification and consent.

7.  Plaintiffs' claim for breach of contract is barred by its failure to substantially perform its own contractual obligations.

8.  Plaintiffs' claim for breach of contract is barred because EGM substantially performed its contractual obligations.

9.  Plaintiffs' purported claims are barred by the doctrine of waiver.

10.  Plaintiffs' purported fraud claims are barred by the doctrines of good faith and fair dealing.

11. Plaintiffs' purported fraud claims against EGM fail because plaintiff has failed to set forth the alleged specific fraudulent actions of EGM, apart from the actions of Solvenz, LLC and Tethys Partners, LLC.

12. Plaintiffs' claim for breach of contract is barred by Plaintiffs' own hindrance of EGM's performance and because plaintiff made EMG's performance impossible.

EGM has not knowingly and intentionally waived any applicable defenses, and it hereby reserves the right to assert, to the extent permitted by applicable law, and rely upon other defenses and affirmative defenses that become available or apparent as this matter proceeds.

## PRAYER FOR RELIEF

Equity Global Management, LLC requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of EGM, and that the Court award EGM its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

## CROSSCLAIM AGAINST SOLVENZ, LLC and TETHYS PARTNERS, LLC

EGM, by and through its undersigned counsel, brings the following crossclaims against Solvenz, LLC and Tethys Partners, LLC and in support thereof states as follows:

## PARTIES

1. EGM is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Chicago, Illinois.

2. Upon information and belief, Solvenz, LLC is a limited liability company organized under the laws of the state of New York.

3. Upon information and belief, Tethys Partners, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Del Mar, California.

## JURISDICTION

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332 and Federal Rule of Civil Procedure 13.

## FACTUAL BACKGROUND

5. Ryan Fund IX, LLC and Ryan Companies US, Inc. (hereinafter collectively "Ryan") served a Complaint against Equity Global Management, LLC, Solvenz, LLC and Tethys Partners, LLC on or about February 27, 2014. Ryan's Complaint, for purposes of its allegations only, is incorporated herein.

6. Ryan's Complaint seeks return of a $175,000 deposit it paid to Solvenz.

7. EGM has never had possession, custody, or control over Ryan's $175,000 deposit.

8. EGM made no money from the transaction that is the subject matter of Ryan's Complaint.

9. Solvenz and Tethys Partners were the proposed lenders for the transaction that is the subject matter of Ryan's Complaint.

10. Solvenz and Tethys were solely responsible for the final loan terms and conditions offered to Ryan for consummating the transaction at issue.

17

11. Solvenz and Tethys Partners were in sole possession, custody and control of Ryan's $175,000 deposit.

12. If Ryan is owed money, or an accounting, or was otherwise tortiously injured from, the transaction that is the subject matter of Ryan's Complaint, it is due to the fault of, Solvenz and/or Tethys Partners.

13. EGM is incurring, and has incurred, attorney's fees and costs in connection with investigating and defending Ryan's Complaint.

14. If EGM is held liable to Ryan for damages as alleged in Ryan's Complaint, it will be solely due to the conduct of Solvenz, LLC and Tethys Partners, LLC, and each of them.

## CONTRIBUTION & INDEMNITY

15. EGM restates and realleges paragraphs 1-14 of its crossclaim.

16. EGM has denied and continues to deny that it legally responsible for the events giving rise to Ryan's causes of action, or for the damages allegedly sustained by Ryan.

17. Solvenz and Tethys Partners are directly and proximately responsible for the damages alleged by Ryan.

18. If as a result of the matters alleged in Ryan's Complaint, EGM is held liable for all or any part of Ryan's alleged damages, EGM is entitled to contribution and indemnity from Solvenz and Tethys Partners for any and all liability.

WHEREFORE, Equity Global Management, LLC respectfully requests that this Court enter judgment in its favor and against Solvenz, LLC and Tethys Partners, LLC for

all damages to be determined at trial, and for such other and further relief that this Court deems just and equitable.

DATED: April 21, 2014

/s/ Wendy M. Carlisle

Wendy M. Carlisle, Minn. Bar 0302351
BLACKWELL BURKE P.A
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
612-343-3285 (direct)
612-343-3205 (fax)
wcarlisle@blackwellburke.com

**Attorney for Defendant Equity Global Management, LLC**